UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DENIS SUDILOVSKIY AND VIKTORIA
ROMAN, INC.,

                        **Plaintiffs,**                         **MEMORANDUM
AND ORDER**

          **-against-**                             **22-CV-469 (DG)**

CITY WAV CORP. a/k/a NYC WAV GROUP,
et al.,

                        **Defendants.**
------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

     In this wage-and-hour action, plaintiffs Denis Sudilovskiy and Viktoria

Roman, Inc. ("plaintiffs") sue their purported former employers, defendants City WAV Corp.,

Vadim Kulishevskiy, and Ronald V. Ogrady (collectively, "defendants"), to recover for

deficiencies in the wages plaintiffs were paid and for related damages.  See Complaint (Jan.

26, 2022) ("Compl."), Electronic Case Filing Docket Entry ("DE") #1.  Currently pending

before this Court, on a referral from the Honorable Diane Gujarati, is plaintiffs' motion for

default judgment.  See Motion for Default Judgment (Aug. 5, 2022), DE #17; Order Referring

Motion (Aug. 8, 2022).

     For the reasons that follow, plaintiffs' motion is denied without prejudice, with leave to

amend the pleading and effect proper service on defendants.  See Zuniga v. Newmark Wood

Working Grp. Inc., 20 Civ. 2464 (RPK) (VMS), 2022 WL 3446331, at *4 n.1 (E.D.N.Y.

Aug. 17, 2022) ("Because this Court concludes that the motion for default judgment should be

denied without prejudice and with leave to file a second amended complaint, the disposition of

this motion is not dispositive of any party's claim or defense. The Court thus proceeds by Order rather than by Report and Recommendation.") (citing 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a)).

## PROCEDURAL BACKGROUND

On January 26, 2022, plaintiffs commenced this action against defendants. Plaintiffs allege that defendants own and operate an Access-A-Ride Paratransit Service in New York City. See Compl. ¶¶ 7, 12, 13, 33. For less than a month—from about April 12, 2021 until May 10, 2021—defendants employed plaintiff Denis Sudilovskiy, and his corporation Viktoria Roman, Inc., "on an hourly basis," as an Access-A-Ride driver. See id. ¶ 33. Plaintiffs picked up Access-A-Ride Paratransit riders and drove them to destinations directly assigned by defendants or through an application known as "CTG TRANSit Driver." Id. ¶ 35. Plaintiffs worked seven shifts per week, including weekends, with each shift starting at 6:00 a.m. and ending at 8:00 p.m. See id. ¶¶ 40-41, 43. Plaintiffs often worked later than 8:00 p.m., depending on whether the customer was ready to be picked up immediately or whether plaintiffs had to wait between trips for a new assignment. See id. ¶ 41. In addition, plaintiffs were regularly required to start work at least one hour prior to their scheduled start time in order to prepare their automobile for use. See id. ¶ 42. In total, plaintiffs worked between 64 and 93 hours per week. See id. ¶ 43.

Plaintiffs vaguely allege in their pleading that they were paid varying amounts for the work they performed, but that at all times, their (unspecified) pay fell below the applicable minimum wage. See id. ¶ 44. Further, plaintiffs were not paid for all hours that they worked for defendants, including any of the hours worked during their last two weeks of employment,

2

when the checks provided to plaintiffs were returned for insufficient funds.  See id. ¶¶ 45, 50.
Defendants failed to pay plaintiffs either an overtime premium for the hours they worked in
excess of forty hours per week, see id. ¶ 46, or a "spread of hours" premium when their
workday exceeded ten hours, see id. ¶ 47.  Nor did defendants provide plaintiffs a wage notice
at the beginning of their employment or weekly wage statements.  See id. ¶¶ 48-49.
According to plaintiffs, defendants had a policy and practice "to misclassify their Paratransit
Drivers as independent contractors," exempt from coverage under the Fair Labor Standards
Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law § 650 et seq.
("NYLL").  Id. ¶ 51.

Plaintiffs bring six claims against defendants, alleging that defendants failed to provide
plaintiffs:  (1) the minimum wage required by the FLSA (First Claim for Relief); (2) an
overtime premium under the FLSA (Second Claim for Relief); (3) the minimum wage required
under the NYLL (Third Claim for Relief); (4) overtime wages under the NYLL (Fourth Claim
for Relief); (5) a written wage notice with their rate of pay, as required by section 195(1) of
the NYLL, or a wage statement with each payment of wages, under section 195(3) of the
NYLL (Fifth Claim for Relief); or (6) a spread-of-hours premium under N.Y. Comp. Codes
R. & Regs. tit.12, § 146-1.6 (Sixth Claim for Relief).[1]

On February 7, 2022, plaintiffs served the corporate defendant City WAV Corp.
through the New York Secretary of State.  See Summons Returned Executed (May 4, 2022),
DE #10.  Three weeks later, on February 28, 2022, plaintiffs served individual defendant

---

[1] The Complaint cites to N.Y. Comp. Codes R. & Regs. tit.12, § 146-1.6, see Compl. (Sixth Claim for Relief),
but that provision concerns spread-of-hours requirements for hotel and restaurant workers, and is inapplicable
here.  The Court assumes that plaintiffs are relying on the more generally applicable spread-of-hours regulation,
N.Y. Comp. Codes R. & Regs. tit.12, § 142-2.4.

Kulishevskiy by affixing process to the front door of his usual place of abode, after several attempts to serve him personally at his residence, and by mailing copies of the documents to that address.  See Summons Returned Executed (May 4, 2022), DE #11.  Later that week, on March 3, 2022, plaintiffs served individual defendant Ogrady by leaving process with a person of suitable age and discretion at his residence.  See Summons Returned Executed (May 4, 2022), DE #12.  On May 13, 2022, the Clerk of Court entered a notation of default against all three defendants.  See Clerk's Entry Of Default (May 13, 2022), DE #15.

## DISCUSSION

Having reviewed plaintiffs' motion for a default judgment and the attachments thereto, the Court has identified a series of deficiencies in plaintiffs' submissions, which require that the motion be denied.  The Court will, however, afford plaintiffs the opportunity to file an amended complaint and to cure the various pleading and service defects.

## I.   Local Civil Rule 55.2

Local Civil Rule 55.2(c) requires that "all papers submitted to the Court pursuant to Local Civil Rule [55.2(b)] shall *simultaneously* be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual).  Proof of such mailing shall be filed with the Court."  S.D.N.Y./E.D.N.Y. Local Civ. R. 55.2(c) (emphasis added).  Service of the motion on non-appearing defendants is an important notice requirement designed for the protection of such defendants.  See Transatlantic Auto Grp., Inc. v. Unitrans-Pra Co., No. 08 CV 5070(DLI), 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011) (noting that, to promote fairness and efficiency, the Local Rules relating to default provide greater

protection for non-appearing defendants than do the Federal Rules of Civil Procedure),

adopted, 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011).  Here, plaintiffs failed to strictly

comply with Local Civil Rule 55.2(c).  Plaintiffs' counsel's affidavit of service avers that he

mailed the default motion papers on August 15, 2022, ten days after the motion was filed on

August 5, 2022.  See Certificate of Service (Aug. 15, 2022), DE #21.

      In addition, Local Civil Rule 55.2(b) requires that a party seeking default judgment

"append to the application . . . a proposed form of default judgment." S.D.N.Y./E.D.N.Y.

Local Civ. R. 55.2(b).  Here, plaintiffs' default submissions do not include a proposed form of

default judgment.  See DE #17, DE #18, DE #19.

      Were these the only deficiencies with respect to plaintiffs' motion, the Court might

have overlooked their failure to comply with Local Civil Rule 55.2, in the absence of any

apparent undue prejudice to defendants.  Plaintiffs' other omissions, however, including but

not limited to their lack of compliance with the Servicemembers Civil Relief Act, warrant

denial of their pending motion for default judgment.

## II.    The Servicemembers Civil Relief Act

      The Servicemembers Civil Relief Act requires plaintiffs seeking default judgment to

"file with the court an affidavit stating whether or not the defendant is in military service and

showing necessary facts to support the affidavit."  50 U.S.C. § 3931(b)(1)(A).  In this case,

plaintiffs' counsel's conclusory statement—i.e., that "[d]efendants are not presently in the

military service of the United States as appears from facts in this litigation[,]" Declaration in

Support of Request For Certificate of Default (May 11, 2022) ¶ 9, DE #14-1—lacks the

requisite "necessary facts" and is therefore insufficient.  See J & J Sports Prods., Inc. v.

Vergara, 19 Civ. 2382 (FB) (VMS), 2020 WL 1034393, at *6 (E.D.N.Y. Feb. 6, 2020),

adopted, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020); Uribe v. Nieves, 17-CV-5155 (RRM)

(RER), 2018 WL 4861377, at *1-2 (E.D.N.Y. Sept. 26, 2018) (noting that the affidavit may

not be based on conclusory statements); Gustavia Home, LLC v. Derby, 16-cv-4260 (ENV),

2017 WL 9989600, at *2  (E.D.N.Y. May 16, 2017) (denying default judgment where plaintiff

did not provide "any documentation to support its claim that defendant [] is not in the military,

nor do its motion papers offer any hint that it undertook an investigation into his military

status").

    Plaintiffs have provided no further information whatsoever regarding whether defendant

Kulisheyskiy is in military service.  Regarding defendant Ogrady, the process server's

statement that he was told by the unidentified person with whom he left the summons and

complaint that Ogrady was not in the military service (DE #12) is likewise insufficient.  "The

non-military affidavit must be based not only on an investigation conducted after the

commencement of an action or proceeding but also after a default in appearance by the party

against whom the default judgment is to be entered."  Vergara, 2020 WL 1034393, at *6

(quoting Pruco Life Ins. Co. of N.J. v. Estate of Locker, No. 12-cv-882 (ENV)(RML), 2012

WL 3062754, at *1 (E.D.N.Y. July 23, 2012)).  In other words, a proper non-military

affidavit must be based on facts adduced from an investigation conducted after a defendant

defaults.  See Windward Bora, LLC v. Ortiz, 21-cv-04154 (MKB) (JMW), 2022 WL

3648622, at *5 (E.D.N.Y. July 5, 2022), adopted, 2022 WL 3647586 (E.D.N.Y. 24, 2022);

Tenemaza v. Eagle Masonry Corp., 20 Civ. 452 (AMD) (VMS), 2021 WL 8317120, at *5

(E.D.N.Y. July 22, 2021); Guanglei Jiao v. Shang Shang Qian Inc., 18-CV-5624 (ARR)

(VMS), 2020 WL 5105063, at *2 (E.D.N.Y. Aug. 31, 2020); Vergara, 2020 WL 1034393, at *6; Bhagwat v. Queens Carpet Mall, Inc., 14-cv-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015).  "The court lacks the power to excuse compliance with the statute."  Uribe, 2018 WL 2018 WL 4861377, at *1; accord Vergara, 2020 WL 1034393, at *6.  Therefore, plaintiffs' motion for default judgment against the individual defendants must be denied.

## III.    Liability

Plaintiffs' Complaint likewise is deficient in a number of respects.  Before granting a motion for default judgment, the Court must be satisfied that the well-pleaded allegations contained in the Complaint, which are taken as true after default, are sufficient to state a claim against each defaulting defendant.  See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); Cazares v. 2898 Bagel & Bakery Corp., 18-cv-5923 (AJN), 2020 WL 2832766, at *3 (S.D.N.Y. May 31, 2020) ("[B]ecause a party in default does not admit conclusions of law, it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action.") (citation and internal quotation marks omitted).  In reviewing the sufficiency of plaintiffs' pleading, the Court may not consider the statements made in plaintiff Sudilovskiy's declaration.  See Zuniga, 2022 WL 3446331, at *5; Guzman v. Primo Installation, Inc., 18-CV-7226 (AT) (BCM), 2022 WL 3230095, at *4 (S.D.N.Y. June 8, 2022); Vergara, 2020 WL 1034393, at *9 & n.10; J&J Sports Prods., Inc. v. Abdelraouf, No. 18 Civ. 2547 (ARR) (VMS), 2019 WL 457719, at *4 (E.D.N.Y. Feb. 5, 2019).

A.   <u>Minimum Wage Claims</u>

"An employee cannot state a claim for a minimum wage violation unless [his] average hourly wage falls below the federal minimum wage." <u>Johnson v. Equinox Holdings, Inc.</u>, No. 13 Civ. 6313(RMB)(JLC), 2014 WL 3058438, at *3 (S.D.N.Y. July 2, 2014) (alteration in original, internal quotation marks and citation omitted); <u>accord</u> <u>Lopez-Serrano v. Rockmore</u>, 132 F.Supp.3d 390, 402 (E.D.N.Y. 2015).  Where, as here, an employee receives varying amounts of pay, the employee's average hourly wage is calculated "by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  29 C.F.R. § 778.109.  Accordingly, a minimum wage claim under the FLSA may not be predicated on "conclusory statements" that defendants "willfully failed to pay [plaintiffs] the minimum wage to which they were entitled"; rather, "a plaintiff must allege enough 'facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period.'" <u>Guzman v. Primo Installation, Inc.</u>, 18-CV-7226 (AT) (BCM), 2022 WL 3230095, at *7 (S.D.N.Y. June 8, 2022) (quoting <u>Tackie v. Keff Enters. LLC</u>, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014)), <u>adopted</u>, 2022 WL 3229219 (E.D.N.Y. Aug. 10, 2022); <u>see</u> <u>Ahmed v. Domino's Pizza LLC</u>, No. 21-CV-3113 (CS), 2022 WL 2666005, at *7 (S.D.N.Y. July 11, 2022); <u>Henao v. Parts Auth., LLC</u>, 19 Civ. 10720 (LGS), 2020 WL 5751175, at *4 (S.D.N.Y. Sept. 25, 2020) ("Conclusory allegations that a defendant failed to pay a plaintiff for all hours worked or that a plaintiff's effective hourly wage fell below the minimum wage do not create a plausible claim."); <u>Lopez-Serrano</u>, 132 F.Supp.3d at 401-02.  The pleading standards under the New York Labor Law

are the same.  See Guzman, 2022 WL 3230095, at *7; Fangrui Huang v. GW of Flushing I, Inc., 17-CV-3181 (PKC)(JO), 2019 WL 145528, at *5 n.4 (E.D.N.Y. Jan. 9, 2019).

Ignoring these principles, the instant Complaint fails to allege plaintiffs' hourly rate of pay or the amounts that plaintiffs were actually paid.  Without such information, the Court is unable to perform the necessary "arithmetical calculation" to determine whether plaintiffs were paid less than minimum wage.  See Guzman, 2022 WL 3230095, at *7 (recommending denial of default judgment for minimum wage claim); Lopez-Serrano, 132 F.Supp.3d at 402 (dismissing minimum wage claim for period as to which plaintiff made only conclusory allegations as to her work hours); Serrano v. I. Hardware Distribs., Inc., No. 14-cv-2488 (PAC), 2015 WL 4528170, at *4 (S.D.N.Y. July 27, 2015) (dismissing minimum wage claim where plaintiff failed to allege the number of hours actually worked per week).   Simply put, in order for plaintiffs' allegations to support a plausible minimum wage claim, the pleading must provide more detail than the conclusory statement that defendants failed to pay them the minimum wage.[2]

>B.    Spread-of-Hours Claim

Plaintiffs' claim for spread-of-hours pay suffers from a similar problem.  "[O]nly employees making the minimum wage rate, or less, are eligible for spread-of-hours compensation."  Guzman, 2022 WL 3230095, at *8 (internal quotation marks and citation omitted); see Pichardo, 2018 WL 2074160, at *11.  Since, as discussed above, the Complaint

---

[2] In addition, to the extent that plaintiffs seek to recover for time spent before or after each shift, see Compl. ¶¶ 40, 41, they should address whether plaintiffs spent that time performing "compensable work," see generally Pichardo v. Hoyt Transp. Corp., 17-CV-3196 (DLI), 2018 WL 2074160, at *4-6 (E.D.N.Y. Jan. 31, 2018).

does not specify plaintiffs' regular rate of pay, the Court cannot determine whether plaintiffs are entitled to spread-of-hours pay.  See Guzman, 2022 WL 3230095, at *8.

      C.      Unlawful Deductions

In their memorandum of law, plaintiffs seek to recover for purported unlawful deductions under the New York Labor Law.  See Memorandum in Support (Aug. 5, 2022) ("Pl. Mem.") at 11, 14, DE #17-1.  As plaintiffs failed to plead any such claim in their Complaint, they cannot recover unlawful-deduction damages in connection with a default judgment based on that pleading.  See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC, 16-CV-1318 (GBD) (BCM), 2018 WL 4760345, at *1 (S.D.N.Y. Sept. 28, 2018)  ("a plaintiff cannot recover damages against a defaulted defendant for claims never alleged in its pleading").[3]

      D.      Wage Notice and Statements Claim

The Complaint alleges that defendants failed to provide plaintiffs with a wage notice or with wage statements each time they were paid.  See Compl. ¶¶ 48-49, 73-74.  But a number of courts have recently held that in the absence of any causal connection between the purported informational failure and any harm that plaintiffs allegedly suffered, plaintiffs asserting wage notice and wage statement violations lack Article III standing to bring those claims.  See, e.g., Zuniga, 2022 WL 3446331, at *8; Shi v. TL & CG Inc., 19-CV-08502 (SN), 2022 WL

---

[3] Moreover, "under New York law, employers do not have to reimburse employees for business expenses, including 'tools of the trade,' so long as not doing so does not reduce the employee's wage below the minimum wage."  Oram v. SoulCycle LLC, 979 F.Supp.2d 498, 507  (S.D.N.Y. 2013). Where, as here, plaintiffs fail to sufficiently state a minimum wage violation and thus to allege that the cost of these expenses reduced plaintiffs' wages below the minimum wage, plaintiffs do not state a plausible unlawful-deduction claim.  See Mumin v. Uber Techs., Inc., 239 F.Supp.3d 507, 534 (E.D.N.Y. 2017).

2669156, at *8-9 (S.D.N.Y. July 11, 2022); Sevilla v. House of Salads One LLC, 20-CV-6072 (PKC) (CLP), 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022); see generally TransUnion LLC v. Ramirez, 141 S.Ct. 2190, 2205 (2021); Maddox v. Bank of New York Mellon Tr. Co., N.A., 19 F.4th 58, 62-63 (2d Cir. 2021).

The pleading in the case at bar is devoid of any allegation that the wage underpayment would not have occurred, or would have been reduced, had plaintiffs received a proper wage notice or wage statements.  See Shi, 2022 WL 2669156, at *9; Wang v. XBB, Inc., 18-CV-7341 (PKC) (ST), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) ("Plaintiff has not linked any injury-in-fact to [the d]efendants' failure to provide statutory notices under the NYLL, so she lacks standing to recover on that claim.").  Accordingly, in the absence of an allegation of an injury in fact that is linked to defendants' failure to provide statutory notices under the NYLL, plaintiffs' Fifth Claim for Relief cannot stand.

E.   Entity as Plaintiff in Wage-and-Hour Case

Plaintiffs' submissions do not address whether Viktoria Roman, Inc., a corporation, is a proper plaintiff under the FLSA or New York Labor Law.  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[,]" 29 U.S.C. § 203(d), and defines "person" as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons[,]" 29 U.S.C. § 203(a).  In contrast, the FLSA defines "employee" as "any *individual* employed by an employer," 29 U.S.C. § 203(e)(1) (emphasis added), and omits any reference to "person," "corporation" or other entity.  "'Employee' is defined nearly identically (and with equal circularity) in the FLSA and NYLL."  Hart v. Rick's Cabaret Int'l, Inc., 967

F.Supp.2d 901, 922 (S.D.N.Y. 2013); N.Y. Labor Law § 651(5) (defining employee as "any individual employed or permitted to work by an employer in any occupation").  Plaintiff Sudilovskiy explains that he formed the Viktoria Roman corporation "at the direction and instruction of defendants who advised that this was necessary for paying me for my work." Declaration of Denis Sudilovskiy (Aug. 5, 2022) ¶ 1, DE #19.   Nevertheless, because a corporation falls outside the statutory definition of an "employee," plaintiff Viktoria Roman, Inc. cannot recover under the FLSA or New York Labor Law.[4]

## IV.   Damages

In addition to the service and liability issues discussed above, it is unclear how plaintiffs calculated the damages sought.  In fact, in setting forth the amounts allegedly owed, plaintiffs do not even differentiate between their alleged minimum wage and overtime damages.  See Pl. Mem. at 17-18.  Nor do they describe the formula they used to arrive at the amounts sought.  Accordingly, any future motion for default judgment must set forth plaintiffs' regular rate of pay and explain how they calculated that rate of pay and resulting damages.[5]

## CONCLUSION

For the foregoing reasons, rather than recommend that the District Court dismiss the Complaint with prejudice, this Court instead denies plaintiffs' motion for default judgment without prejudice, and grants them leave, within thirty days from the date of this Memorandum

---

[4] On the other hand, the fact that Sudilovskiy incorporated Viktoria Roman does not bar his recovery as an individual plaintiff.  See Silverstein v. Massapequa Union Free Sch. Dist., 18-CV-4360 (RRM) (AKT), 2019 WL 4888673, at *5 (E.D.N.Y. Sept. 30, 2019) (denying motion to dismiss claims of individual plaintiff who alleged that "he 'incorporated' at [defendant's] insistence to create the illusion that he was not [defendant's] employee").

[5] Plaintiffs' request for attorneys' fees is likewise deficient, in that plaintiffs provide no justification for seeking nearly $14,000 in fees and requesting an hourly rate of $450 for services that included, among other things, one hour preparing and filing summonses.  See Declaration of Marcus A. Nussbaum (Aug. 5, 2022) ¶ 6, DE #18 & Time Sheet, DE #18-3; Pl. Mem. at 21.

and Order, to file an amended complaint that cures the various pleading defects addressed herein.  See Zuniga, 2022 WL 3446331, at *7.  Should plaintiffs choose to file an Amended Complaint, they must then effect proper service on each defendant within the time specified in Rule 4(m) of the Federal Rules of Civil Procedure.

Any objection to this Memorandum and Order must be filed with the Honorable Diane Gujarati by October 13, 2022, or will be deemed waived.  Plaintiffs are directed to promptly serve copies of this Order on defendants and to file proof of mailing.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**September 29, 2022**

/s/      *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**